## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AKER BIOMARINE ANTARCTIC AS, | |
| Plaintiff; | |
| v. | CA. No. _____ |
| OLYMPIC HOLDING AS; RIMFROST AS; EMERALD FISHERIES AS; RIMFROST USA, LLC; AVOCA INC.; BIORIGINAL FOOD & SCIENCE CORP., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aker BioMarine Antarctic AS ("AKBM," or "Plaintiff") files this Complaint against Defendants Olympic Holding AS; Rimfrost AS; Emerald Fisheries AS; Rimfrost USA, LLC; Avoca Inc. and Bioriginal Food & Science Corp. ("Defendants") for patent infringement and alleges, based on information and belief, personal knowledge and publicly available information, with respect to the infringing activity as follows:

### THE PARTIES

1. Aker BioMarine Antarctic AS ("AKBM") is a Norwegian corporation with its principal place of business at Oksenøyveien 10, P.O. Box 496. N-1327 Lysaker, Norway.

2. Upon information and belief, Olympic Holding AS ("Olympic Holding") is a Norwegian corporation with its principal place of business at Fosnavåg Brygge Holmsildgata 12, P.O. Box 234, N-6099, Fosnavåg, Norway. Olympic Holding is the parent corporation of Rimfrost AS and Emerald Fisheries AS.

3.   Upon information and belief, Rimfrost AS is a Norwegian corporation with its principal place of business at Vågsplassen, 6090, Fosnavåg, Norway.  Rimfrost AS was formerly known as Olympic Seafood AS and is a wholly owned subsidiary of Olympic Holding.

4.   Upon information and belief, Emerald Fisheries AS ("Emerald Fisheries") is a Norwegian corporation with its principal place of business at Fosnavåg Brygge, 6090 Fosnavåg, Norway.  Emerald Fisheries is a wholly owned subsidiary of Olympic Holding.

5.   Upon information and belief, Stig Rune Remøy established Olympic Holding.  Stig Rune Remøy is a major shareholder and is chairman and only member of the board of Olympic Holding.  Stig Rune Remøy is also chairman of the board of all of Olympic Holding's subsidiaries, including Rimfrost AS and Emerald Fisheries.  Upon information and belief, Olympic Holding controls its subsidiaries Rimfrost AS and Emerald Fisheries regarding the infringing acts described in this Complaint.

6.   Upon information and belief, Avoca Inc. ("Avoca") is a Delaware corporation with its principal place of business at 841 Avoca Farm Rd., Merry Hill, North Carolina 27957.

7.   Upon information and belief, Rimfrost USA, LLC ("Rimfrost USA") is a Delaware limited liability company with its principal place of business at 841 Avoca Farm Rd. Merry Hill, North Carolina 27957.  Rimfrost USA is a joint venture between Rimfrost AS and Avoca.  Upon information and belief, Rimfrost AS controls its joint venture Rimfrost USA regarding the infringing acts described in this Complaint.

8.   Upon information and belief, Bioriginal Food & Science Corp. ("Bioriginal") is a Canadian corporation with its principal place of business at 102 Melville Street, Saskatoon, Saskatchewan, Canada S7J 0R1.

9.   Upon Information and belief, under the direction and control of Olympic Holding and Rimfrost AS, Avoca processes denatured krill products prepared and supplied through the operations of Olympic Holding, Rimfrost AS, Emerald Fisheries and Rimfrost USA to create and sell infringing krill oil products in the United States.  These products are marketed and sold in various forms, including soft-gel, emulsion and bulk forms by Rimfrost USA and Bioriginal under the name RIMFROST SUBLIME Krill, and under private label names for sale by others, including Jamieson Laboratories Ltd. and Costco Wholesale Corp. ("Costco").  Costco's private label krill oil obtained from Defendants is called KIRKLAND SIGNATURE™ KRILL OIL, and is sold in this District.  These products are collectively referred to in this Complaint as the Accused Products.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35, United States Code § 1, et seq.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

11. Avoca and Rimfrost USA are both incorporated in Delaware.  Personal jurisdiction exists over all the Defendants, because the Defendants have sufficient minimum contacts with the forum as a result of business conducted within the State of Delaware and this District. Personal jurisdiction also exists specifically over the Defendants, because they, directly or through subsidiaries, intermediaries or joint ventures, make, use, offer for sale, sell, import, advertise, make available and/or market krill oil products and services within this District, that infringe AKBM's U.S. Patent Nos. 9,028,877 and 9,078,905 (collectively the "Patents-in-Suit"), as described more specifically below.

12. Venue is proper in the in this District under 28 U.S.C. §§ 1391(b)–(c) and 1400(b), because the Defendants have individually transacted business in this District, have committed acts of infringement of the Patents-in-Suit in this District, and more than one Defendant is incorporated in this District.

## PATENTS-IN-SUIT

13. U.S. Patent No. 9,028,877 ("the '877 Patent"), entitled "*Bioeffective Krill Oil Compositions*," is valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code by the USPTO on May 12, 2015.  The '877 Patent is a continuation of U.S. Patent No. 9,034,388 ("the '388 Patent) and claims priority from the following series of provisional applications: U.S. Provisional Application No. 61/024,072 filed January 28, 2008; U.S. Provisional Application No. 60/983,446 filed October 29, 2007; U.S. Provisional Application No. 60/975,058 filed September 25, 2007; U.S. Provisional Application No. 60/920,483 filed March 28, 2007.  A true and correct copy of the '877 Patent is attached hereto as Exhibit A.

14. AKBM is the owner by assignment of the '877 Patent with sole rights to enforce the '877 Patent and sue infringers.

15. U.S. Patent No. 9,078,905 ("the '905 Patent"), entitled "*Bioeffective Krill Oil Compositions*," is valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code by the USPTO on July 14, 2015. The '905 Patent is a continuation of the '388 Patent and claims priority from the following series of provisional applications: U.S. Provisional Application No. 61/024,072 filed January 28, 2008; U.S. Provisional Application No. 60/983,446 filed October 29, 2007; U.S. Provisional Application No. 60/975,058 filed

10510339-v2

September 25, 2007; U.S. Provisional Application No. 60/920,483 filed March 28, 2007.  A true

and correct copy of the '905 Patent is attached hereto as Exhibit B.

      16.     AKBM is the owner by assignment of the '905 Patent with sole rights to enforce

the '905 Patent and sue infringers.

## FACTUAL ALLEGATIONS AND BACKGROUND

### Plaintiff AKBM's Patented Technology and Pioneering Krill Oil Business

17. AKBM is a Norwegian fishing and biotech company that has been harvesting and

producing krill and krill oil for the animal, fish feed, food, dietary supplement and

pharmaceutical industries in its current form and through its predecessor corporation since 2003.

AKBM built its supply chain for krill in the Antarctic and is a leading supplier of krill products,

such as krill oil, worldwide.

18. AKBM's krill oil product is sold under the name SUPERBA®.  AKBM develops,

markets and sells its krill oil produced from sustainably harvested and traceable Antarctic krill.

The company uses a unique technology called ECO-HARVESTING® that brings live krill on

board its two harvesting vessels "Saga Sea" and "Antarctic Sea".   Aker's harvesting technology

successfully prevents the unnecessary by-catch such as birds and sea mammals and reduces the

wastage incurred by traditional methods.  As a result of its innovative and environmentally

friendly processes, AKBM was the first krill harvester to be awarded the Marine Stewardship

Council ("MSC") Certification, exemplifying its commitment to sustainable fishing of krill.

19. AKBM has cooperated with the World Wildlife Fund for Nature ("WWF") for over a

decade, and in January 2015 AKBM established the Antarctic Wildlife Research Fund ("AWR")

together with WWF Norway and the Antarctic and Southern Ocean Coalition ("ASOC").  AWR

will raise donations from commercial and private partners in order to facilitate and promote

research on the Antarctic ecosystem, and a Science Advisory Group will evaluate and prioritize scientific research proposals for the Board of the Fund.  AKBM also took the initiative to establish the Association for Responsible Krill Harvesters ("ARK").

20. In 2014, AKBM launched U.S.-based krill processing operations in Houston, Texas, through its joint venture company Aker BioMarine Manufacturing LLC.

21. AKBM has invested vast sums of money, years of research, capital and labor to develop its novel krill oil processes and compositions embodied and described in the Patents-in-Suit. AKBM utilizes its proprietary and environmentally-friendly ECO-HARVESTING® technology to maintain the nutritional integrity of krill while minimizing environmental impacts.  The patented technology claimed in the Patents-in-Suit enables AKBM to produce high quality krill oil with specific concentrations of bioactive ingredients that have been shown to provide health benefits in both humans and animals.

22. The Patents-in-Suit are directed to krill oil compositions and processes for making krill oil compositions having specific concentrations of phospholipids and other components that provide enhanced health benefits in humans and animals.  The claimed krill oils are extracted from denatured krill products made on-board a ship from fresh krill resulting in krill oil compositions having specific concentrations and ratios of ether and non-ether phospholipids that were found to provide health benefits in a number of areas, including anti-inflammation, antioxidant effects, insulin resistance and improved blood lipid profile.

**Defendants' Krill Oil Business, and Infringing Products and Processes**

23. Throughout its years of operating in the krill oil market, Olympic Holding AS, its subsidiaries, partners and joint ventures have systematically copied and utilized AKBM's

strategy, methodology and patented technology to bring valuable krill oil products to market in the United States and this District.

24. In 2011, Inge Bruheim, the first named inventor of the Patents-in-Suit and a former AKBM employee, was hired by Olympic Seafood AS now Rimfrost AS.  Mr. Bruheim is currently research director at Rimfrost AS.  Mr. Bruheim was aware of the applications that issued into the Patents-in-Suit before and at the time he was hired by Rimfrost AS.

25. When leaving AKBM in 2009, Mr. Bruheim was aware of AKBM's then current business strategy and processing techniques, facilities and capabilities.  Specifically, Mr. Bruheim knew that AKBM initially processed denatured krill product in New Zealand with a supercritical fluid extraction process and later had transitioned to an ethanol extraction process through an extraction partner in France.  After Mr. Bruheim was hired at Olympic Seafood AS, Rimfrost AS transitioned from processing denatured krill product with a supercritical extraction process in New Zealand to an ethanol extraction process in North Carolina.

26. In 2012, AKBM granted Olympic Seafood AS, now Defendant Rimfrost AS, a non-exclusive license to one or more of AKBM's Australian krill oil patents ("AKBM Australian Krill Oil Patents").  The AKBM Australian Krill Oil Patents are related to the Patents-in-Suit, claim priority from the same patent applications and include claims with the same scope as the Patents-in-Suit.  The license was terminated in 2013.

27. In a press release of November of 2012, Mr. Bjørnar Kleiven, managing director of Olympic Seafood AS now Rimfrost AS, stated: "As we reviewed Aker BioMarine's Australian patent portfolio we found that licensing it was necessary to secure Olympic Seafood's continued right to offer krill oil in Australia" … "With this license in place, we can now offer RIMFROST SUBLIME Antarctic krill oil, with full freedom to operate in the strong and growing Australian

market."  RIMFROST SUBLIME Antarctic krill oil is an Accused Product. *See* Exhibit C

(Rimfrost Sublime Press Release: Olympic Seafood and Aker BioMarine Announce Licensing

Agreement for Krill Oil Patents in Australia (Nov. 21, 2012.))

28. One or more of the Defendants was aware of or should have been aware of the

applications that issued as the Patents-in-Suit at least when Inge Bruheim was hired by

Olympic Seafood AS in 2011 or when AKBM granted Olympic Seafood AS, now Rimfrost AS,

a non-exclusive license to one or more of AKBM's Australian Krill Oil Patents in 2012.

29. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries act

in concert to prepare and provide denatured krill product that is then processed and sold in the

United States as the Accused Products.  Specifically, denatured krill product for domestic

processing is prepared on-board the krill-harvesting vessel "Juvel" owned and operated by

Emerald Fisheries in the Southern Ocean.  The denatured krill product is shipped by Rimfrost AS

to Rimfrost USA, which then provides the denatured krill product to Avoca for processing. *See*

Exhibits D-E (Rimfrost Bills of Lading).

30. Upon information and belief, krill harvested on the Juvel undergoes a two-step process

for producing krill oil at the direction and control of Olympic Holding, Rimfrost AS, and

Emerald Fisheries.  As described in the Patents-in-Suit, Emerald Fisheries performs the first step

of the process on-board the Juvel by processing fresh Antarctic krill to create a denatured krill

product.  *See* Exhibit F[1]; Exhibit G[2]; Exhibit H (Rimfrost Presentation: *Formulation of Tablets

with Omega-3 Phospholipids From Krill*); Exhibit I (Rimfrost Flow Chart); Exhibit J (Rimfrost

Brochure).

---

[1] https://www.youtube.com/watch?list=UU3q_renufwnrU4S64fjHmmQ&v=G22B3px1K2I

[2] http://www.rimfrostkrill.com/about-krill/what-is-krill/

10510339-v2

31. Upon information and belief, after the denatured krill product is produced on-board the Juvel, the denatured krill product is provided to Avoca by Rimfrost USA for processing at its facility in North Carolina.  Avoca extracts krill oil from the denatured krill product with the use of ethanol, a well-known polar solvent.  Avoca processes the denatured krill product at the direction of and for Rimfrost AS and Rimfrost USA.  Upon information and belief, Rimfrost USA, Bioriginal, Costco and others then sell krill oil produced by Avoca in various forms as the Accused Products throughout the United States.  *See* Exhibits F-J; Exhibit K (Rimfrost Website Printouts); Exhibit L (*Avoca, Olympic Seafood Form Krill Oil Joint Venture* (Oct. 23, 2012)); Exhibit M (*Bioriginal to Distribute New Rimfrost Krill Collection* (Nov. 18, 2012)).

32. Upon information and belief, the Accused Products are compositions claimed by the '905 Patent and produced from processes claimed by the '877 Patent.  Defendants' manufacture, sale, offer for sale or use of the Accused Products in this District directly infringes the claims of the Patents-in-Suit.

33. Through their sales, joint ventures, manufacturing and processing operations related to the Accused Products, the Defendants have willfully infringed, literally or through the doctrine of equivalents, and continue to willfully infringe, literally or through the doctrine of equivalents, induce others to infringe, and/or contributorily infringe the Patents-in-Suit.

34. The Defendants' infringement of the Patents-in-Suit has been and is deliberate, has directly caused monetary damage to AKBM, has caused price erosion in the United States krill oil market, and is an egregious and exceptional case of willful infringement.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,028,877

35. AKBM re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 of this Complaint.

36. On May 12, 2015, the USPTO duly and legally issued the '877 Patent entitled "*Bioeffective Krill Oil Compositions*."

37. Inge Bruheim, Snorre Tilseth and Daniele Mancinelli are joint and true inventors of the '877 Patent.  By operation of law and as a result of written assignment agreements, AKBM obtained the entire right, title, and interest to and in the '877 Patent.

38. Upon information and belief, the Defendants infringe literally or under the doctrine of equivalents, induce others to infringe, and/or contributorily infringe one or more claims of the '877 Patent.  Non-limiting examples of such infringement are set forth below.

39. Claim 1 of the ''877 Patent recites:

1. A method of production of krill oil comprising:

a) providing krill;

b) treating said krill to denature lipases and phospholipases in said krill to provide a denatured krill product; and

c) extracting oil from said denatured krill product with a polar solvent to provide a krill oil with from about 3% to about 10% w/w ether phospholipids; from about 27% to 50% w/w non-ether phospholipids so that the amount of total phospholipids in said krill oil is from about 30% to 60% w/w; and from about 20% to 50% w/w triglycerides, wherein said steps a and b are performed on a ship.

10510339-v2

40. Upon information and belief, at the direction of Olympic Holding, Rimfrost AS and Emerald Fisheries act in concert to harvest and denature krill on the Juvel krill vessel, and provide the resulting denatured krill product to Avoca through Rimfrost USA.  By taking such action, Olympic Holding, Rimfrost AS and Emerald Fisheries practice the limitations of claim 1 – "a) providing krill;" "b) treating said krill to denature lipases and phospholipases in said krill to provide a denatured krill product;" and "wherein said steps a and b are performed on a ship."

41. Upon information and belief, at the direction of Olympic Holding, Rimfrost AS provides the denatured krill product made on Emerald Fisheries' Juvel krill vessel to Rimfrost USA for delivery to Avoca.  Upon information and belief, Avoca processes the denatured krill product by extracting krill oil from the denatured krill product with the use of ethanol.  By taking such action, Avoca practices the limitation of claim 1 - "c) extracting oil from said denatured krill product with a polar solvent."

42. Upon information and belief, the krill oil produced by Avoca includes the limitation of claim 1 – "a krill oil with about 3% to about 10% w/w ether phospholipids; from about 27% to 50% w/w non-ether phospholipids so that the amount of total phospholipids in said krill oil is from about 30% to 60% w/w; and from about 20% to 50% w/w triglycerides."  For example, the KIRKLAND SIGNATURE KRILL OIL contains krill oil comprising from about 3% to 10% w/w ether phospholipids, from about 27% to 50% w/w non-ether phospholipids, from about 30% to 60% w/w total phospholipids and from about 20% to 50% w/w triglycerides.

43. Upon information and belief, Rimfrost USA, Bioriginal, Costco and others are offering for sale and selling krill oil, and consumers are using such krill oil, such as the Accused Products, which were produced by Avoca pursuant to the process recited above, throughout the

United States and in this District.  The offer for sale, sale and use of such products directly infringes Claim 1 of the '877 Patent under at least 35 U.S.C. § 271 (g).

44. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, actively and knowingly induce the direct infringement of Claim 1 of the '877 Patent in violation of 35 U.S.C. § 271 (b).

45. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, contributorily infringe claim 1 of the '877 Patent in violation of 35 U.S.C. § 271 (c).

46. Claim 11 of the '877 Patent recites:

> 11. A method of production of krill oil comprising:
>
> a) obtaining a denatured krill product produced by treating freshly harvested krill to denature lipases and phospholipases in said krill; and
>
> b) extracting oil from said denatured krill product with a polar solvent to provide a krill oil with from about 3% to about 10% w/w ether phospholipids; from about 27% to 50% w/w non-ether phospholipids so that the amount of total phospholipids in the krill oil is from about 30% to 60% w/w; and from about 20% to 50% w/w triglycerides.

47. Upon information and belief, and as described above, Avoca obtains from Rimfrost USA the denatured krill product made by Olympic Holding, Rimfrost AS and Emerald Fisheries.  By taking such action, Avoca practices the limitation of claim 11 – "a) obtaining a denatured krill product produced by treating freshly harvested krill to denature lipases and phospholipases in said krill."

48. Upon information and belief, and as described above, Avoca processes the denatured krill product by extracting krill oil from the denatured krill product with the use of ethanol.  By taking such action, Avoca practices the limitation of claim 11 - "b) extracting oil from said denatured krill product with a polar solvent."

49. Upon information and belief, and as described above, the KIRKLAND SIGNATURE KRILL OIL product produced by Avoca includes the limitation of claim 1 – "a krill oil with from about 3% to about 10% w/w ether phospholipids; from about 27% to 50% w/w non-ether phospholipids so that the amount of total phospholipids in the krill oil is from about 30% to 60% w/w; and from about 20% to 50% w/w triglycerides."  Avoca thereby directly infringes claim 11 of the '877 Patent under at least 35 U.S.C. § 271 (a).

50. Upon information and belief, Rimfrost USA, Bioriginal, Costco and others are offering for sale and selling krill oil, such as the Accused Products, and consumers are using such krill oil, which was produced by Avoca pursuant to the process recited above, throughout the United States and in this District.  The offer for sale, sale and use of such products directly infringes Claim 11 of the '877 Patent under at least 35 U.S.C. § 271 (g).

51. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, actively and knowingly induce the direct infringement of Claim 11 of the '877 Patent in violation of 35 U.S.C. § 271 (b).

52. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, contributorily infringe claim 11 of the '877 Patent in violation of 35 U.S.C. § 271 (c).

53. The Defendants' infringement of the '877 Patent has caused substantial and irreparable harm to AKBM, and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.  AKBM does not have an adequate remedy at law.

54. The Defendants' infringement of the '877 Patent has directly caused significant monetary damage to AKBM, including price erosion in the United States krill oil market, and is an egregious and exceptional case of willful infringement.  AKBM is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, including an award of treble damages.

55. Upon information and belief, the Defendants' infringement of the '877 Patent has been willful and deliberate, making this an exceptional case entitling AKBM to recover additional damages and attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,078,905

56. AKBM re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 55 of this Complaint.

57. On July 14, 2015, the USPTO duly and legally issued the '905 Patent entitled "Bioeffective Krill Oil Compositions."

58. Inge Bruheim, Snorre Tilseth and Daniele Mancinelli are joint and true inventors of the '905 Patent. By operation of law and as a result of written assignment agreements, AKBM obtained the entire right, title, and interest to and in the '905 Patent.

59. Upon information and belief, the Defendants infringe literally or under the doctrine of equivalents, induce others to infringe, and/or contributorily infringe one or more claims of the '905 Patent.  Non-limiting examples of such infringement are set forth below.

60. Claim 1 of the '905 Patent recites:

> 1. Encapsulated krill oil comprising:
>
>> a capsule containing an effective amount of krill oil, said krill oil comprising from about 3% to about 15% w/w ether phospholipids.

61. Upon information and belief, and as described above, encapsulated krill oil products, such as the Accused Products produced by Avoca, and offered for sale and sold by Rimfrost USA, Bioriginal, Costco and others, throughout the United States and in this District, include "krill oil comprising from about 3% to about 15% w/w ether phospholipids."  For example, the KIRKLAND SIGNATURE KRILL OIL product contains krill oil comprising from about 3% to about 15% w/w ether phospholipids.  The manufacture, offer for sale, sale and use of such products directly infringes Claim 1 of the '905 Patent under at least 35 U.S.C. § 271 (a).

62. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, actively and knowingly induce the direct infringement of Claim 1 of the '905 Patent in violation of 35 U.S.C. § 271 (b).

63. Upon information and belief, Olympic Holding, Rimfrost AS and Emerald Fisheries, through their actions set forth above, contributorily infringe claim 1 of the '905 Patent in violation of 35 U.S.C. § 271 (c).

64. The Defendants' infringement of the '905 Patent has caused substantial and irreparable harm to AKBM, and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.  AKBM does not have an adequate remedy at law.

65. The Defendants' infringement of the '905 Patent has directly caused significant monetary damage to AKBM, including price erosion in the United States krill oil market, and is an egregious and exceptional case of willful infringement. AKBM is entitled to recovery of

monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, including an award of treble damages.

66. Upon information and belief, the Defendants' infringement of the '905 Patent has been willful and deliberate, making this an exceptional case entitling AKBM to recover additional damages and attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, AKBM prays for relief as follows:

A.     Judgment that the Defendants have infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit;

B.     An order permanently enjoining the Defendants from further infringing the Patents-in-Suit;

C.     An award of damages pursuant to 35 U.S.C. § 284;

D.     A declaration that the Defendants' infringement was willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284;

E.     An order for an accounting of damages from Defendants' infringement;

F.     A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

G.     Any additional award or further relief the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 38.1, AKBM

hereby demands a trial by jury on all issues so triable.


Dated: January 22, 2016                                  VENABLE LLP


                                                         */s/ Jamie L. Edmonson*
                                                         Jamie L. Edmonson (No. 4247)
                                                         Daniel A. O'Brien (No. 4897)
                                                         Venable LLP
                                                         1201 North Market Street, Suite 1400
                                                         Wilmington, Delaware 19801
                                                         (302) 298-3535 (Telephone)
                                                         (302) 298-3550 (Facsimile)
                                                         jledmonson@venable.com
                                                         dao'brien@venable.com

                                                         *Counsel for Aker BioMarine Antarctic AS*

OF COUNSEL:

Adam R. Hess
Andrew F. Pratt
VENABLE LLP
575 Seventh Street, NW
Washington, DC 20009
(202) 344-4000
arhess@venable.com
afpratt@venable.com

Alper T. Ertas
VENABLE LLP
505 Montgomery Street
Suite 1400
San Francisco, California 94111
(415) 653-3750
atertas@venable.com